# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DEAN LANGFORD and
NANCY LANGFORD,
husband and wife,

                      Plaintiffs,

      v.

ZIMMER, INC. and
ZIMMER HOLDINGS, INC.,

                  Defendants.

Case No.:  03-12245-RCL

## REPLY IN SUPPORT OF MOTION TO STRIKE

### ORAL ARGUMENT REQUESTED

Zimmer's motion to strike should be granted for two alternative reasons. First, Plaintiffs do not dispute that their complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement" and a "simple, concise and direct" description of the claims. The disputed allegations are therefore properly stricken on that basis alone. Second, contrary to Plaintiffs' assertions, Plaintiffs' immaterial and impertinent allegations violate Rule 12(f) of the Federal Rules of Civil Procedure and the allegations must be stricken.

As demonstrated in Zimmer's memorandum in support of its motion to strike, parts (a) and (e) of Rule 8 require that a complaint contain only a short and plain statement of the claim in a simple, concise and direct fashion. As the court in *Greenhood v. Orr & Sembower, Inc.*, 158 F. Supp. 906 (D. Mass. 1958) found, "lengthy statements which include evidentiary details and conclusions and opinions of the pleader...should be stricken." *Id.* at 908. Plaintiffs' allegations of Zimmer's alleged corporate "vision," "mission," and "values;" the prejudicial allegations about products not at issue in this litigation; and

allegations regarding Zimmer's sales figures render Plaintiffs' complaint anything but "short and plain," or "simple, concise and direct."

Plaintiffs ignore the requirements of Rule 8 in their response to Zimmer's motion (just as Plaintiffs did while drafting their complaint), and concentrate solely on the question of whether their complaint satisfies the materiality requirements of Rule 12(f). Although Zimmer does not concede that the disputed allegations relate to the Plaintiffs' claims, whether or not the allegations are material or pertinent to the claims is of no importance for the purposes of Rule 8. The "short and plain" and "simple, concise and direct" requirements of Rule 8 exist independently of Rule 12(f)'s ban on immaterial and impertinent allegations. *See, e.g. Greenhood*, 158 F. Supp. at 908; *Michelson v. Shell Union Oil Corp.*, 26 F. Supp. 594, 595 (D. Mass. 1939) and *Scalese v. City of Haverhill*, 198 F. Supp. 431, 432 (D. Mass. 1961) (allegations stricken pursuant to Rule 8 despite no finding of violation of Rule 12(f)).

Plaintiffs provide no response to Zimmer's Rule 8 arguments because there is no response. Rule 8's strictures still apply and Plaintiffs' allegations are therefore properly stricken.

Second, Rule 12(f)'s prohibition on immaterial and impertinent allegations provides an independent basis for Zimmer's motion to strike. As set forth in Zimmer's memorandum, immaterial allegations are those that have "no essential or important relationship to the claim for relief or the defenses being pleaded." 5A Wright & Miller, Fed. Prac. & Proc. Civ.2d § 1382 (1993). Impertinent matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* Immaterial and impertinent allegations are properly stricken. *Automatic Radio Mfg. Co. v. National Carbon Co.*, 35 F. Supp. 454, 455 (D. Mass 1940); *Mulloney v. Federal Reserve Bank of Boston*, 1 F.R.D. 153, 155 (D. Mass 1940). Plaintiffs cannot avoid the consequences of their violation of Federal Rules simply by arguing that other parties violated the rules more egregiously. In their response, Plaintiffs emphasize Zimmer's burden but cannot refute the fact demonstrated by Zimmer's memorandum: these allegations are not essential to their claims and are therefore properly stricken.

2

Plaintiffs argue, without citation to authority, that their allegations regarding Zimmer's "vision," "mission," and "values" relate to their claims of negligence and breach of express of implied warranties. Plaintiffs' Response at 4.    Simply stated, there is no correlation between Zimmer's alleged public statements and whether Zimmer was negligent or that the alleged negligence was a substantial factor in causing the Plaintiffs' alleged injuries. *See, Scott v. Thompson*, 363 N.E.2d 295, 296 (Mass. App. Ct. 1977) (essential elements of negligence include that the defendant owed a duty to the plaintiff; that the defendant breached that duty; that the plaintiff suffered injury or damage; and that the defendant's breach of its duty was a cause of the plaintiff's injury or damage). Similarly, Zimmer's alleged public statements have no relation to whether the Centralign was unreasonably dangerous at the time it left Zimmer's possession. *See, Collins v. Sears, Roebuck & Co.*, 583 N.E.2d 873 (1992) (defendant can be found liable for breach of warranty only if a defective condition rendering the product unreasonably dangerous was present at the time the defendant parted with possession of the product).

Plaintiffs claim that their allegations regarding Zimmer's other products are relevant even though they have no relation to any of their claims because they tend to show a "course of conduct." Plaintiffs' Response at 4. Plaintiffs cite only one case that purportedly supports the argument that a "course of conduct" can be relevant: *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636 (S.D.N.Y. 1975). However, *Fuchs* is readily distinguishable from the case at bar because the holding is specific to the type of claims asserted in the case. The *Fuchs* plaintiffs sought divestiture of the defendants' allegedly monopolistic holdings. Because the plaintiffs' allegations tended to show that defendants had a monopoly, "[f]acts bearing upon defendant's 'course of conduct' may carry weight." *Id.* at 637. There is no such connection here. Zimmer's alleged liability with respect to the Centralign does not depend upon its activities with respect to other products and Plaintiffs' response is therefore without support.

Plaintiffs' only argument as to the materiality of allegations regarding Zimmer's sales numbers is that the figures demonstrate "motive." Plaintiffs' Response at 4. This argument is fallacious for two

reasons: first, motive is not an element of any of Plaintiffs' claims and second, gross sales figures demonstrate income, not motive. On these bases, the allegations of Paragraph 28 should be stricken.

Boiled down to its essence, Plaintiffs' argument is that they wish to tell a "story." Plaintiffs' Response at 4. However, the Federal Rules of Civil Procedure prohibit storytelling when the elements of that story are lengthy, tangential, immaterial, or burdensome to answer. For the reasons stated above and in Zimmer's opening memorandum, the Court should grant Zimmer's motion to strike.

<br>

Respectfully submitted,
Zimmer, Inc. and Zimmer Holdings, Inc.,
By their attorneys,

Dated: March 29, 2004

Edgar B. Hatrick (BBO #647166)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA  02110
(617) 345-4600

Matthew S. Elvin (pro hac vice)
Dahm & Elvin LLP
9604 Coldwater Road, Suite 201
Fort Wayne, Indiana  46825
Telephone: (260) 497-6000
Facsimile: (260) 497-6019

Francis H. Morrison III (BBO #645515)
Deborah S. Russo (BBO #434610)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

4

286631v1

## CERTIFICATE OF SERVICE

I, Edgar B. Hatrick, do hereby certify that on this 29th day of March, 2004, I have served by first-class U.S. Mail a copy of the foregoing Reply in Support of Defendant Zimmer's Motion to Strike upon plaintiffs' counsel at the following addresses:

Wm. Gerald McElroy, Jr.
Paul T. Sullivan
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
950 Winter Street, Suite 1300
Waltham, MA  02451

James S. Reece
Chad A. Snyder
Elizabeth A. Maki
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South Suite 4000
Minneapolis, MN  55415

Fred H. Pritzker
Peter H. Berge
Elliot L. Olsen
**Pritzker Ruohonen & Associates, P.A.**
Plaza VII
Suite 2950
45 South Seventh Street
Minneapolis, Minnesota 55402

Edgar B. Hatrick

286631v1

5