UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Dean Langford and Nancy Langford,
husband and wife,

        Plaintiffs,

-vs-

Zimmer, Inc. and Zimmer Holdings, Inc.,

        Defendants.

Case No. 03 CV 12245 RCL

## JOINT STATEMENT

Plaintiffs, Dean Langford and Nancy Langford, and Defendants Zimmer, Inc. and Zimmer Holdings, Inc. ("ZHI") (collectively "Zimmer"), appearing by their undersigned counsel, hereby submit this Joint Statement, pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure as well as Local Rule 16.1(D) and the May 10, 2004 Order Setting Rule 16 Scheduling Conference in the above-captioned case. The parties propose different dates for some of the deadlines. In those situations, plaintiffs' proposed dates are in parentheses.

### I.   Nature of the Case

#### A.   Plaintiffs' Position

Plaintiff Dean Langford underwent hip revision surgery on or about April 25, 1992 in which he received a Centralign hip implant manufactured by Defendant Zimmer, Inc. After an unacceptably short period of use, Mr. Langford's physicians found that the implant had loosened, resulting in failure of the hip implant and necessitating its surgical removal and replacement. Plaintiffs have therefore brought claims against Defendants Zimmer, Inc. and Zimmer Holdings,

Inc. for their negligent development, design, manufacture, production, testing, labeling, marketing, advertising, sale, promotion, and distribution of the Centralign hip prosthesis. Plaintiffs also assert strict liability claims for Defendants' failure to warn and defective design, manufacture and testing. Plaintiffs further assert claims for Defendants' breaches of express and implied warranties. Mrs. Langford asserts a claim of loss of consortium.

### B.  Defendants' Position

Plaintiffs' claims are unfounded as this stem has performed well in thousands of patients; loosening of a cemented stem is a known risk of cemented total hip replacement surgery; and no cemented stem designed has eliminated that risk.

## II.  Obligation of Counsel to Confer

Counsel for the parties have conferred in accordance with the provisions of Local Rule 16.1. Neither party assents to trial by a United States Magistrate Judge.

## III.  Settlement

Prior to filing this Joint Statement, the parties discussed settlement and were unable to reach a resolution.

## IV.  Proposed Deadlines

### A.  The Parties' Proposed Deadlines

The parties jointly propose the following scheduling deadlines:

1. Discovery shall commence after the service of mandatory disclosures.
2. Mandatory disclosures are due July 7, 2004.
3. Motions to add parties shall be filed by August 16, 2004. (Plaintiffs – September 15, 2004)

4. Motions to amend pleadings shall be filed by October 22, 2004. (Plaintiffs – March 25, 2005)

5. Fact discovery must be completed and discovery motions must be filed by February 4, 2005. (Plaintiffs – March 25, 2005)

6. A settlement conference shall be held on February 4, 2005. (Plaintiffs – March 25, 2005)

7. Plaintiffs shall designate expert witnesses and serve expert reports pursuant to Fed. R. Civ. P. 26(a)2(B) on or before March 4, 2005. (Plaintiffs – April 18, 2005)

8. Defendants shall designate expert witnesses and serve expert reports pursuant to Fed. R. Civ. P. 26(a)2(B) on or before April 9, 2005. (Plaintiffs – April 18, 2005)

9. Rebuttal experts shall be designated and reports of such experts will be served in accordance with Fed. R. Civ. P. 26(a)2(B) by May 9, 2005.

10. Dispositive motions are to be filed no later than April 25, 2005.

11. Responses to dispositive motions are due no later than May 23, 2005.

12. Final Pretrial Conference to be held on May 27, 2005.

## V. Certification

Pursuant to Local Rule 16.1(D)(4), the parties certify that they have conferred with their respective clients regarding a budget for the above-captioned litigation and have discussed the use of alternative dispute resolution to resolve this matter. Certifications to be signed by counsel and their respective clients have been prepared and will be filed by the parties prior to the conference.

Dated this 15th day of June, 2004.

_____ (ebh by permission)
James S. Reece
Chad A. Snyder
Elizabeth A. Maki
Zelle, Hofmann, Voelbel, Mason & Gette
500 Washington Avenue South, Suite 4000
Minneapolis, Minnesota 55415
(612) 339-2020

William Gerald McElroy, Jr.
Zelle, Hofmann, Voelbel, Mason & Gette
950 Winter Street
Suite 1300
Waltham, MA 02451
(781) 466-0700

Fred H. Pritzker
Pritzker Ruohonen & Associates, P.A.
Plaza VII, Suite 2950
45 South Seventh Street
Minneapolis, Minnesota 55402
(612) 338-0202

_____
Albert J. Dahm
Michael S. Elvin
Matthew S. Elvin
DAHM & ELVIN, LLP
9604 Coldwater Road, Suite 201
Fort Wayne, Indiana 46825
(260) 497-6000

Edgar B. Hatrick (BBO #647166)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 0211 Zelle,
(617) 345-4600

Francis H. Morrison III (BBO #645515)
Deborah S. Russo (BBO #434610)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of June, 2004, a copy of the foregoing JOINT STATEMENT was served on the following counsel of record by first-class mail, postage prepaid:

Wm. Gerald McElroy, Jr.
Paul T. Sullivan
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451

Fred H. Pritzker
**Pritzker Law**
Plaza VII
Suite 2950
45 South Seventh Street
Minneapolis, MN 55402-1652

James S. Reece
Chad A. Snyder
Elizabeth A. Maki
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South Suite 4000
Minneapolis, MN 55415

Edgar B. Hatrick

Document2
June 15, 2004 2:31 PM