UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dean Langford and Nancy Langford, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Zimmer, Inc. and Zimmer Holdings, Inc.,<br><br>Defendants. | Case No: 03-12245-RCL<br><br>PLAINTIFFS' MEMORANDUM OF REASONS IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THEIR FIRST AMENDED COMPLAINT |

## INTRODUCTION

Plaintiffs respectfully seek this Court's permission to file and serve Plaintiffs' Second Amended Complaint (1) to add the Zimmer hip products, besides the Centralign, which were implanted in Mr. Langford's left hip; (2) to add a claim for unfair or deceptive acts or practices; and (3) to correct some typographical errors in Plaintiffs' First Amended Complaint. With their motion, plaintiffs have filed a redlined version of Plaintiffs' First Amended Complaint to identify their changes as well as a copy of Plaintiffs' Second Amended Complaint which incorporates those changes. Reece Aff. ¶ 1 and Exhibit A and ¶ 2 and Exhibit B. Prior to filing this motion, plaintiffs provided defendants with the redlined version and communicated with them about the motion. Reece Aff. ¶ 3.

## FACTUAL BACKGROUND

Plaintiffs filed their Complaint for Damages (original complaint) in the above case on November 13, 2003. Plaintiffs subsequently filed their First Amended Complaint which eliminated former paragraph 28 of the original complaint, pursuant to this Court's Order dated May 4, 2004.

At the June 23, 2004 Rule 16 Scheduling Conference, defendants urged this Court to establish an early deadline for amending pleadings. This Court established an amendment deadline of July 15, 2004 and a discovery deadline of June 17, 2005.

Plaintiffs file this motion because they have identified additional claims against the defendants (Zimmer) which relate to injuries which defendants' products have caused plaintiffs. One claim involves other Zimmer hip products besides the Centralign which were implanted in Mr. Langford's left hip and the other is a claim for unfair or deceptive acts or practices.

With respect to the first claim, Mr. Langford received Zimmer hip products in addition to the Centralign during his April 25, 1992 surgery referred to in paragraph 34 of Plaintiffs' First Amended Complaint. A Zimmer femoral head, HGP II acetabular component, elevated rim acetabular liner and standard acetabular liner are specifically identified in Mr. Langford's medical records. Reece Aff. ¶ 4 and Exhibit C. Plaintiffs referred to these types of products in paragraph 11 of their First Amended Complaint, but did not specifically make a claim relating to them. Since discovery may reveal the contribution of these other Zimmer products to plaintiffs' injuries, they are adding them to their complaint.

Mr. Langford's medical records also reflect that he received another Zimmer hip product during his March 27, 2001 operation. Reece Aff. ¶ 5 and Exhibit D. On or about April 1, 2003, Mr. Langford had to have a third left hip operation because of massive osteolysis. Reece Aff. ¶ 6 and Exhibit E. Since discovery may reveal the contribution of a Zimmer product to the osteolysis which led to this operation or other injuries sustained by Mr. Langford, plaintiffs are adding claims relating to any Zimmer products which were in Mr. Langford's left hip at the time of his April, 2003 operation.

Plaintiffs' second claim, for unfair or deceptive acts or practices, set forth in Count VI of Plaintiffs' Second Amended Complaint, in large part addresses facts previously alleged.

   a. Plaintiffs previously alleged that the Centralign hip prosthesis was a cause of premature loosening in many patients (e.g. Paragraphs 19, 29 and 30 of Plaintiffs' First Amended Complaint) and that defendants not only withheld important safety information about the Centralign, but that they also affirmatively misrepresented its safety (e.g. Paragraphs 32 and 33 of Plaintiffs' First Amended Complaint);

   b. Plaintiffs previously alleged that defendants falsely created the impression through misrepresentations and omissions that the Centralign hip prosthesis didn't play any role in the growing number of incidents of premature loosening (e.g. Paragraph 33 of Plaintiffs' First Amended Complaint);

   c. Plaintiffs previously alleged that loosening of a Centralign hip prosthesis can cause much greater than normal bone loss which can make a replacement operation more difficult (e.g. Paragraphs 29 and 52 of Plaintiffs' First Amended Complaint); and

   d. Plaintiffs previously alleged that the Centralign hip prosthesis required frequent medical monitoring because of the dangers which it posed to patients (e.g. Paragraph 48 of Plaintiffs' First Amended Complaint).

Plaintiffs believe that discovery will support their allegations that Zimmer willfully and knowingly engaged in the acts or practices described in Count VI, and made a conscious decision to place its business interests ahead of a real and immediate threat of injury to Mr. Langford and others walking around with a Centralign hip implant.

## ARGUMENT

The standard for amending pleadings is intentionally liberal so that parties may resolve their disputes on the merits. Fed.R.Civ. P. 15(a) provides that leave to amend pleadings ". . . shall be freely given when justice so requires." Federal courts in Massachusetts have allowed amendments when a movant has shown at least colorable grounds for relief, unless he is guilty of

undue delay or bad faith, or if the amendment would be unduly prejudicial to the non-moving party.[1]

Plaintiffs' proposed amendments to add other Zimmer hip products which were implanted in Mr. Langford's left hip and to add a claim for unfair or deceptive acts or practices easily satisfy this standard. With respect to the other Zimmer hip products, plaintiffs have "colorable grounds" for this amendment because these products were implanted in Mr. Langford's left hip and medical evidence to be developed through discovery is needed to determine their role in the product loosening which necessitated Mr. Langford's two additional surgeries.

Justice requires that plaintiffs be allowed to add these products now to ensure that they may be compensated for any injuries which these products caused or contributed to. Defendants cannot credibly assert undue delay or prejudice. Plaintiffs here seek to amend their complaint at the outset of discovery, while the Federal Rules provide courts with discretion to permit amendments to conform to evidence as late as trial.[2] Moreover, plaintiffs voluntarily provided defendants with medical authorizations prior to suit so that they would have access to Mr. Langford's medical records and this type of information. With their amendment, plaintiffs will have provided defendants with fair notice of these claims, which defendants may now fully explore through discovery.

---

[1] *Ali v. University of Massachusetts Medical Center*, 140 F.Supp. 2d 107, 109 citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

[2] Fed.R.Civ.P. 15(b) (". . . the court may allow the pleadings to be amended and shall do so freely when the *presentation of the merits of the action will be subserved thereby* and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits" (italics added).

With respect to plaintiffs' second claim, Massachusetts provides a private cause of action based upon unfair or deceptive acts or practices in the conduct of any trade or commerce, which injure a plaintiff.[3] A consumer may also recover attorneys' fees, and if there is a "willful or knowing" violation, double or treble damages.[4] Plaintiffs have alleged that defendants are engaged in trade or commerce, that defendants have committed unfair or deceptive acts or practices (plaintiffs have described a number of these) and that Mr. Langford has been injured by these acts or practices. Plaintiffs have also alleged (and described) willful and knowing conduct by defendants, which has injured them.

Plaintiffs have "colorable grounds" for this amendment based upon their allegations that Zimmer intentionally withheld critical safety information about the consequences of the Centralign loosening, which put Mr. Langford and other Centralign patients at risk of severe and worsening injury. Justice requires that plaintiffs be allowed to seek compensation to the full extent of Massachusetts law for the conduct of defendants which caused their injuries, including any willful and knowing unfair act or deception. Defendants cannot credibly assert undue delay or prejudice, as plaintiffs are asserting this claim at the outset of discovery and in fact, many of the underlying allegations have already been asserted in Plaintiffs' First Amended Complaint. With their amendment, plaintiffs will have provided defendants with fair notice of this claim, which defendants may now fully explore through discovery.

---

[3] Mass. Stat. 93A§2.

[4] Mass. Stat. 93A § 9, (3), (3A) and (4).

## CONCLUSION

Consistent with this Court's scheduling order, plaintiffs have asserted the colorable claims of which they are aware, at the outset of discovery. Plaintiffs have not unduly delayed in asserting these claims and defendants are not prejudiced as they can fully explore them through discovery. Accordingly, plaintiffs respectfully request the Order of this Court allowing them to file and serve their Second Amended Complaint.

Dated this 12th day of July, 2004.

Respectfully submitted,

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP

By: *James S. Reece*
James S. Reece (MN #90037)
Chad A. Snyder (MN #288275)
500 Washington Ave South, Suite 4000
Minneapolis, Minnesota 55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100

and

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
Wm. Gerald McElroy, Jr. (MA #332500)
Paul Sullivan
950 Winter Street, Suite 1300
Waltham, Massachusetts 02451
Telephone: (781) 466-0700

and

Fred H. Pritzker (MN #88456)
Elliot L. Olsen (MN #203750)
Pritzker Ruohonen & Associates, P.A.
2950 Radisson Plaza VII
45 South Seventh Street
Minneapolis, Minnesota 55402-1652
Telephone: (612) 338-0202
Facsimile: (612) 338-0104