# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Dean Langford and Nancy Langford,
husband and wife,

        Plaintiffs,

  v.

                           Case No.:  03-12245-RCL

ZIMMER, INC. and
ZIMMER HOLDINGS, INC.,

        Defendants.

## PRETRIAL PROTECTIVE ORDER

The parties have stipulated to the entry of this Pretrial Protective Order in regard to certain discovery material to be made available by the parties. Both parties reserve the right to move the Court to change this order at any time. This order is addressed to discovery material which is entitled to protection pursuant to Fed. R. Civ. P. 26(c). The parties agree that certain documents could be entitled to protection under this Rule and they have agreed to the procedure in this Order as an efficient way to move forward with discovery while addressing legitimate needs for protection under this Rule.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the following Pretrial Protective Order shall govern discovery in the above-captioned matter, as follows:

1.     This Pretrial Protective Order governs the production and handling of purported CONFIDENTIAL information contained in or derived from documents or testimony ("discovery material") disclosed by anybody ("disclosing party") during this action ("Action"). The word "document" is defined as letters, words, numbers, pictures, sounds or symbols set down by

handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or any other form of data compilation.

2.    A disclosing party may designate as "CONFIDENTIAL" any discovery material that the disclosing party believes contains information that is entitled to protection pursuant to Fed. R. Civ. P. 26(c). Discovery material may be so designated by stamping "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page for each document or by using such other procedures upon which the parties agree.

3.    CONFIDENTIAL documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain CONFIDENTIAL, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial, trial of or for any appeal in this Action, and shall not be used in any other proceeding, except with the prior written consent of the party or other person originally designating a document as a CONFIDENTIAL document, or as hereinafter provided under this Order.   Notwithstanding the foregoing, CONFIDENTIAL documents disclosed or produced in this Action and their contents, as well as copies, summaries, notes, memoranda and computer databases relating may be used by counsel of record for the Plaintiffs, Pritzker Ruohonen & Associates, P.A. ("Pritzker") and Zelle, Hofmann, Voelbel, Mason & Gette, LLP ("Zelle"), in other product liability actions against Zimmer, Inc. ("Zimmer") involving the Centralign hip implant in which Pritzker and/or Zelle are counsel of record ("Other Centralign Actions") provided Pritzker and/or Zelle agree to the entry of a protective order in those Other Centralign Actions upon terms identical to this Order.

4.    Discovery material and information designated as "CONFIDENTIAL" shall be revealed only to the following persons:

2

a.  Counsel of record for the Plaintiffs in this Action, who are actively engaged in the conduct of this litigation; the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the Action;

b.  The parties to the Action;

c.  Experts or consultants retained by counsel for the parties to this Action for the purpose of assisting counsel in this Action provided:

1.  Each expert or consultant has read this Pretrial Protective Order in advance of disclosure and has agreed in writing to be bound by its terms by executing a confidentiality affidavit in the form of Exhibit A, a copy of which counsel for the party who retained the expert or consultant will keep and, in the case of a testifying expert, a copy of the affidavit will be sent to counsel for the disclosing party at the time the expert is designated under Rule 26; and

2.  Each such expert or consultant is not currently working as a salaried or hourly employee of a competitor of Zimmer.

(i)  As used in this paragraph c, the term "competitor" means any manufacturer or seller of orthopedic implant devices.

3.  Notwithstanding the provisions of paragraph 4(c)(2), if counsel of record for Plaintiffs wants to retain a salaried or hourly employee of a competitor of Zimmer to consult in this litigation, they must first initiate a "meet and confer" by sending a facsimile correspondence to counsel for Zimmer identifying the proposed consultant. If within fourteen (14) days of the initiation of the "meet and confer" the parties are unable to agree as to whether the consultant can be retained, Zimmer shall, within fourteen (14) days of the termination of the meet and confer period, file a motion for an order precluding Plaintiffs from retaining the consultant. Pending a ruling from the Court, Plaintiffs may not disclose CONFIDENTIAL documents to or share CONFIDENTIAL information with the proposed consultant. If Zimmer fails to file a motion for an order precluding Plaintiffs from retaining the consultant within the time set forth above, then the Plaintiffs may proceed to retain the consultant.

d.  The court or any other court having jurisdiction over discovery procedures in the Action provided the party seeking review by a court follows the procedure in ¶ 14;

e.    Any court reporter or typist recording or transcribing testimony in the Action;

f.    Employees of outside independent reproduction firms;

g.    Any person with knowledge relevant to the subject matter of the Action whose deposition is taken by any party to this Pretrial Protective Order, so long as the deponent (other than a present or former employee, consultant, expert, or other person under the control of Zimmer) signs a confidentiality affidavit in the form of Exhibit A.   Only parties and persons described in paragraph 4(a), 4(c) and 4(e) shall be present at such depositions, if otherwise permitted to attend and entitled to receive such information under the Order.

5.    Each person executing the Confidentiality Affidavit submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this Action.   Jurisdiction of this Action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may be appropriate.

6.    CONFIDENTIAL discovery material shall be maintained in confidence by the party or parties to whom it is produced and shall not be disclosed by such party except to persons entitled to access pursuant to Paragraph 4.

7.    Nothing contained in this Order shall restrict use or disclosure of discovery material designated CONFIDENTIAL by the disclosing party.

8.    All oral deposition testimony, regardless of whether designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL and subject to this Pretrial Protective Order for thirty (30) days after counsel of record for Plaintiffs and Zimmer receive the transcript of the deposition.

9.      Any party may, on the record at a deposition or by written notice to counsel for all parties no later than thirty (30) days after receipt of the deposition transcript, designate portions of oral testimony, or the testimony in its entirety, as CONFIDENTIAL. A separately bound transcript of those portions of the testimony that contain CONFIDENTIAL discovery material shall be made. If any portion of any transcript so marked is required to be lodged with the Court during the discovery, it shall be lodged under seal following the procedures in ¶ 14.

10.     For purposes of disclosing documents for inspection, the disclosing party may refrain from designating specific documents CONFIDENTIAL until after the inspecting party or parties have selected specific documents and/or materials for copying. In this event, the disclosing party shall announce in writing prior to producing the documents or materials for inspection that all such documents and material should be considered CONFIDENTIAL for purposes of the inspection. After the inspecting party selects specified documents and materials for copying but before the production of such copies, the disclosing party shall designate any CONFIDENTIAL discovery material and produce all such designated documents within ten (10) business days.

11.     Before producing discovery material, a disclosing party may redact CONFIDENTIAL information that is privileged or not otherwise subject to disclosure in any circumstance. Any discovery material that is redacted shall have "REDACTED" stamped on each page from which CONFIDENTIAL information has been redacted or in some other manner clearly indicate CONFIDENTIAL information has been redacted and the location of such information on the documents unless otherwise clear from the context. Upon the request of counsel of record for the Plaintiffs or Zimmer, the disclosing party shall produce a list describing the nature of the redacted information.

12.    All written discovery requests and responses that contain CONFIDENTIAL discovery material shall be so designated.

13.    The recipient of any CONFIDENTIAL discovery material disclosed pursuant to this Pretrial Protective Order shall exercise due and proper care to protect its confidentiality. The attorneys of record are responsible for all copies of CONFIDENTIAL discovery material made and distributed.

14.    Unless otherwise ordered by the Court, or agreed to by the parties, CONFIDENTIAL discovery material that is filed with the Court shall be filed under seal in accordance with this Court's procedures. CONFIDENTIAL discovery material filed under seal shall be available to the Court and the undersigned counsel of record for Plaintiffs or Zimmer, Inc.

15.    Counsel of record for Plaintiffs or Zimmer may at any time request from the disclosing party in writing, the release of CONFIDENTIAL discovery material from the requirements of the terms and provisions of this Pretrial Protective Order. Upon making such a request, the party requesting the exemption shall initiate a "meet and confer" by sending a facsimile correspondence to counsel for the disclosing party identifying with sufficient specificity to permit identification the disputed documents and designations. If the parties are unable to agree as to whether the discovery material at issue is properly designated CONFIDENTIAL, the disclosing party shall, within seven (7) days of the conclusion of the meet and confer, file a motion for an order protecting the CONFIDENTIAL designations under the procedures provided by the Court for non-dispositive motions. During the pendency of any such motion, the designated document or item shall continue to be treated as a CONFIDENTIAL document and subject to the provisions of this Order. If the disclosing party fails to file a motion

for an order protecting the CONFIDENTIAL designation within the time set forth above, then the CONFIDENTIAL designation shall no longer be applicable.

16.    Nothing in this Pretrial Protective Order shall preclude Plaintiffs or Zimmer from responding to a validly issued subpoena that seeks disclosure of CONFIDENTIAL information, unless the issuing person is not entitled to access under Paragraph 4. The party responding to the subpoena must provide written notice via facsimile of such a subpoena to the disclosing party (i.e., the party that originally produced the documents) as soon as is reasonably possible after receipt of the subpoena. The party issuing the subpoena must sign an affidavit in the form of Exhibit A before any CONFIDENTIAL discovery material can be disclosed. If the party issuing the subpoena is not entitled to access under Paragraph 4, then the disclosing party (i.e., the party that originally produced the documents) shall move this Court for enforcement of this Pretrial Protective Order and/or move the Court which issued the subpoena to quash the subpoena.

17.    Nothing in this Order, nor any failure by a party to challenge the designation of discovery material as CONFIDENTIAL, shall be construed as an admission concerning the CONFIDENTIAL or proprietary nature of the discovery material, the relevance for discovery purposes of the discovery material, or the admissibility of the discovery material.

18.    A party's inadvertent or unintentional disclosure of CONFIDENTIAL discovery material without that designation shall not be deemed a waiver in whole or in part of its claim of confidentiality, either as to the specific discovery material or as to any other related discovery material. Any such inadvertently or unintentionally disclosed discovery material shall be designated as CONFIDENTIAL as soon as reasonably possible after the disclosing party becomes aware of the disclosure and shall be treated as CONFIDENTIAL by all to whom it has been disclosed in the Action.

19.    Nothing in this Pretrial Protective Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court.

20.    The obligations of this Pretrial Protective Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated CONFIDENTIAL by the parties, their counsel, and all who signed an Affidavit in the form of Exhibit A. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Pretrial Protective Order.

21.    Within 90 days after final conclusion of all aspects of this litigation, including any appeal, CONFIDENTIAL documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of such party or person (if it retains at least one copy of the same), destroyed; and all computerized databases containing CONFIDENTIAL documents or summaries thereof shall be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

22.    The Clerk may return to counsel or destroy any CONFIDENTIAL documents in its possession.

23.    It is expressly understood by and between the parties that in granting access to or producing CONFIDENTIAL documents in this litigation, the parties shall be relying upon the terms and conditions of this Order.

For the Plaintiffs:

James D. Reece

Dated: June 29, 2004

8

James S. Reece
Chad A. Snyder
Elizabeth A. Maki
Zelle, Hofmann, Voelbel, Mason & Gette LLP
500 South Washington Avenue - Suite 4000
Minneapolis, Minnesota  55415
Telephone:  (612) 339-2020
Facsimile:  (612) 336-9100

Wm. Gerald McElroy, Jr.
Paul T. Sullivan
Zelle, Hofmann, Voelbel, Mason & Gette LLP
950 Winter Street
Suite 1300
Waltham, Massachusetts  02451

Fred H. Pritzker
Pritzker Ruohonen & Associates, P.A.
Plaza VII Suite 2950
45 South Seventh Street
Minneapolis, Minnesota  55402-1652
Telephone:  (612) 338-0202
Facsimile:  (612) 338-0104

For the Defendants:

_____        Dated: July 2, 2004
Albert J. Dahm
Matthew S. Elvin
Dahm & Elvin, LLP
9604 Coldwater Road
Suite 201
Fort Wayne, Indiana  46825
Telephone:  (260) 497-6000
Facsimile:  (260) 497-6019

Francis H. Morrison III
Deborah S. Russo
Day, Berry & Howard, LLP
CityPlace I
Hartford, Connecticut  06103-3499

Edgar B. Hatrick
Day, Berry & Howard, LLP
260 Franklin Street
Boston, Massachusetts 02110


IT IS SO ORDERED:


Dated: _____      By: _____
                                    Judge of United States District Court
                                    For the District of Massachusetts