FILED
IN CLERKS OFFICE

]IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS 4: 13
2004 SEP 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

DEAN LANGFORD and
NANCY LANGFORD,
husband and wife,

Case No.: 03-12245-RCL

Plaintiffs,

v.

ZIMMER, INC. and
ZIMMER HOLDINGS, INC.,

Defendants.

---

## RESPONSE IN OPPOSITION TO PLAINTIFFS'
## MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE
## FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

---

Zimmer, Inc. and Zimmer Holdings, Inc. ("Zimmer"), by their attorneys, respectfully

oppose Plaintiffs' motion for reconsideration because Plaintiffs have no new evidence nor was

there a manifest error of fact or law to support reconsideration; and oppose Plaintiffs' alternative

motion for certification pursuant to 28 U.S.C. § 1292(b) because an interlocutory appeal of this

Court's order denying leave to amend does not involve a controlling question of law for which

there is substantial grounds for difference.  In support of its opposition to Plaintiffs' motion,

Zimmer states as follows:

## I.    INTRODUCTION

In Plaintiffs' July 12, 2004 motion to amend their complaint, Plaintiffs asserted that

"colorable grounds" existed to support their proposed amendments. [Plaintiffs' Memorandum in

Support of Motion to Amend, p. 6.]  Zimmer opposed Plaintiffs' motion, positing that certain of

Plaintiffs' newly asserted claims were preempted and all of the proposed amendments were unduly delayed. On September 6, 2004, this Court denied Plaintiffs' motion for leave to amend their complaint, finding that the Plaintiffs' proposed claims were preempted and therefore such an amendment would be futile. Plaintiffs filed the instant motion to reconsider on September 20, 2004.[1]

## II.    ARGUMENT

The Federal Rules of Civil Procedure do not mention motions for reconsideration. To the extent that federal courts permit motions for reconsideration, they may be granted only in exceptional and limited circumstances, none of which are present here. There has been no intervening change of the law, there is no newly discovered evidence and this Court made no clear errors of fact or law and therefore reconsideration is improper here. Even if this Court were to reconsider its position, Plaintiffs' motion was properly denied because certain of the proposed amendments are preempted and all of the proposed amendments are unduly delayed.

Should this Court agree that there is no basis to reconsider its ruling on Plaintiffs' motion to amend, this Court's discretionary ruling is inappropriate for certification for appeal because clear precedent establishes that such discretionary rulings are not controlling questions of law and are unlikely to be reversed on appeal.

### A.    There Is No Basis For Reconsideration

---

[1] Local Rule 7.1(A)(2) provides that: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiffs' counsel's affidavit of September 20, 2004 makes no such certification: Elizabeth Maki declares merely that "On September 20, 2004, I spoke with [Zimmer's counsel] and discussed with him Plaintiffs' intention to bring this Motion [and that Zimmer's counsel] acknowledged Plaintiffs' intent to bring this Motion." [Maki Affidavit at ¶ 1.] Nor could Plaintiffs make the required certification: Ms. Maki ostensibly called Zimmer's counsel to obtain some sort of stipulation for Plaintiffs' motion and did not make any attempt to describe (much resolve or narrow) the issue in the 65-second telephone call.

289317v1

Plaintiffs did not cite a single District of Massachusetts case in which this Court considered, much less granted, a motion to reconsider. Nor does Plaintiffs' memorandum of law contain a discussion of the standard for reconsideration in federal courts. This may be because there is no basis for a motion to reconsider an interlocutory order under the plain language of the Federal Rules of Civil Procedure. As a matter of convention, federal courts do occasionally hear motions for reconsideration of interlocutory orders pursuant to their inherent power to do so. *See, e.g., Bethlehem Steel Export Corp. v. Redondo Constr. Corp.*, 140 F.3d 319, 321 (1st Cir. 1998) (district court had authority to reconsider previously assigned judge's decision to deny motion for summary judgment). However, the Supreme Court has advised that "courts should be loathe to [reconsider interlocutory orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988), *quoting Arizona v. California*, 460 U.S. 605, 618 n.8 (1983). When presented with a motion to reconsider, "a district court must balance the need for finality against the duty to render just decisions." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (denying motion to reconsider). In light of these competing considerations, a district court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change of the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order. *Id.* (internal citations omitted). Mere doubt is insufficient grounds for reconsideration. *White v. Higgins*, 116 F.2d 312, 317 (1st Cir. 1940).

*Davis* is instructive. In *Davis*, the district court refused to grant the Commonwealth's motion for reconsideration because it contained merely a rehashing of the arguments set forth in the original motion. *Id.* at 147-48. ("This is not enough to merit reconsideration.") Here,

289317v1

Plaintiffs seek to do exactly that – reargue the same arguments presented to this Court (and rejected by this Court) previously. Although Plaintiffs add some additional detail to their preemption argument in the instant motion, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance." *Id.* at 148, *quoting Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990), *aff'd*, 948 F.2d 1529 (10th Cir. 1991), *cert. dismissed*, 503 U.S. 915 (1992).

Nevertheless, even if this Court grants Plaintiffs' request and reconsiders its ruling on Plaintiffs' Motion to Amend, this Court should not disturb its denial of Plaintiffs' Motion. Plaintiffs simply reiterate their previous argument, that *Haidak v. Collagen Corp.*, 67 F. Supp. 2d 21, 34 (D. Mass. 1998) supports their theory that Chapter 93A claims are not preempted. [Plaintiffs' Memorandum in Support of Motion to Reconsider at p. 4.]  This Court previously considered and rejected that argument. Plaintiffs have offered no new reasons for this Court to fall in line with *Haidak*. In fact, the *Haidak* ruling represents the minority view. *See Steele v. Depuy Orthopedics, Inc.*, 295 F. Supp. 2d 439, 450 (D.N.J. 2003) (the majority of district courts considering the effect of *Medtronic v. Lohr*, 518 U.S. 470, 500 (1996) on the preemption of state statutory claims have found that the claims are preempted). Accordingly, Plaintiffs have offered no reasons for this Court to change its previous ruling.

Additionally, all of Plaintiffs' proposed amendments are unduly delayed. As set forth more fully in Zimmer's Response to Plaintiffs' Motion to Amend, under clear federal precedent, amendments to pleadings cannot be permitted if they are unduly delayed. *Foman*, 371 U.S. at 182. Before a motion to amend may be granted, the First Circuit requires that any party seeking to amend their complaint show the reason for the delay. *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517-18 (1st Cir. 1989) (holding that the delay is undue and a

289317v1

motion to amend is properly denied when "[t]he facts upon which the proposed [amendment] rested were known to [the moving party] all along...[and the moving party] never proffered a satisfactory explanation for its delay") *See also Gianfriddo v. Western Union Telegraph Co.*, Civ. A. No. 84-3273-MA, 1985 WL 48174 (D. Mass. 1985) (plaintiff's motion to amend denied because plaintiff could have asserted claim previously and offered no reason for delay). The prohibition against undue delay applies to bar amendments even without a showing of prejudice to the opposing party. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995). Here, the Plaintiffs' proposed amendments are not based on any newly learned facts. Indeed, in Plaintiffs' own words, their proposed amended complaint "in large part addresses facts previously alleged." [Plaintiffs' Memorandum in Support of Motion to Amend at p. 3.] Yet Plaintiffs have given no explanation for their delay in asserting these claims. In light of these facts and federal law, Plaintiffs' Motion to Amend was properly denied.

In their Motion to Reconsider, apparently because Plaintiffs cannot explain the delay, Plaintiffs attempt to shift the burden of proof to Zimmer. To that end, Plaintiffs argue that in the First Circuit, Zimmer must show that they have been prejudiced by the delay in order for a court to deny a motion to amend on the basis of undue delay, citing *Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979). [Plaintiffs' Motion to Reconsider, pp. 5-6.] However, as *Hayes* sets forth, the mere presence of undue delay shifts the burden to Plaintiffs to explain the reason for the delay. *Id.* ("[W]here, as here, a considerable amount of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden on the movant to show some 'valid reason for his neglect and delay.'") Plaintiffs cannot show a valid reason for their neglect and delay and therefore attempt to divert the Court's focus. Plaintiffs' motion to amend was properly denied.

289317v1

**B.      There is No Basis for Certification of this Court's Denial of Motion to Amend**

As a general rule, interlocutory orders may not be immediately appealed.  *See* 28 U.S.C. § 1291 (providing courts of appeals with jurisdiction over "all final decisions of the district courts"); *Cobbledick v. United States*, 309 U.S. 323, 329-30 (1940).  This final judgment rule serves "a strong congressional policy against piecemeal review, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974).  In enacting 28 U.S.C. § 1292(b), Congress created a narrow exception to this general rule by permitting the appeal of an interlocutory order only in specific, limited circumstances. *See, e.g., McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984) (Section 1292(b) "should be used sparingly and only in exceptional cases"); *In re Heddendorf*, 263 F.2d 887, 888 (1st Cir. 1959) (same).  The statute provides that interlocutory orders should be certified for appeal only when "a district judge...shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Courts interpreting and applying Section 1292(b) hold that matters within a district court's discretion are not appropriate for certification because the statute by its terms only permits certifications of questions of law and because discretionary matters run a lower risk of reversal.  *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978) (indiscriminate allowance of appeals of discretionary orders "plainly inconsistent with the policies promoted by Section 1292(b)"); *Garner v. Wolfinbarger*, 433 F.2d 117, (5th Cir. 1970) (certification for interlocutory appeal of discretionary order to transfer inappropriate).  Leave to amend a complaint is "clearly" a matter within the discretion of the trial court.  *Manzoli v.*

*Comm'r of Internal Revenue*, 904 F.2d 101, 107 (1st Cir. 1990). As such, it is inappropriate for immediate appellate review. *Morton College Bd. of Trustees of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill 1998); *Lipsett v. Univ. of Puerto Rico*, 740 F. Supp. 921, 925 (D.P.R. 1990).[2]

Although Plaintiffs criticize Zimmer for citing to a district court opinion from another circuit in support of its response to Plaintiffs' motion to amend, Plaintiffs rely solely upon two cases from other jurisdictions to support their claim that certification of the denial of their motion to amend is appropriate simply because it involves issues of preemption. [Plaintiffs' Memorandum in Support of Motion for Reconsideration, at p. 7, citing *Taylor v. PPG Indus., Inc.*, 256 F.3d 1315, 1316 (Fed. Cir. 2001) and *District 65 Retirement Trust v. Prudential Secs., Inc.*, 925 F. Supp. 1551, 1571 (N.D. Ga. 1996).] Both cases, however, are clearly distinguishable from the case at hand and are therefore inapposite. The *Taylor* court was motivated to hear the interlocutory order on preemption not because preemption itself was at issue, but because of efficiency concerns – a concurrently issued final order was up for appeal at the same time and the *Taylor* court found that the efficiency of hearing the appeal of the final order together with the interlocutory order in this "highly unusual case" outweighed the risks of piecemeal litigation. 256 F.3d at 1316. *District 65* is also distinguishable, as the district court's basis for certification was specific to ERISA claims. 925 F. Supp. at 1571. The *District 65* court certified its ruling on the defendant's motion to dismiss the plaintiff's preempted state law claims specifically because "there is substantial grounds for difference of opinion regarding the extent of ERISA preemption of state law claims." *Id.* Because this case does not involve ERISA claims and no appellate

---

[2] Of course, motions to amend complaints may be reviewed on appeal after a final judgment. *See, e.g., Fowler v. Merry*, 468 F.2d 242, 243 (10th Cir. 1972).

289317v1

efficiency considerations are at play, *Taylor* and *District 65* provide no support for Plaintiffs' contention that the issue of preemption is an appellate trump card. Accordingly, Plaintiffs' request for certification pursuant to Section 1292(b) should be denied because there is no controlling question of law with respect to this Court's discretionary ruling.

Finally, Plaintiffs request that the litigation be stayed if they are permitted to pursue an interlocutory appeal. However, Plaintiffs ignore the standard for stays of proceedings. Specifically, before granting a stay, the district court must evaluate "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). There is a presumption against stays of proceedings, and in the absence of facts to support a stay, such a request should be denied. *Morton College Bd. of Trustees of Illinois Comm. Coll. Dist. No. 527*, 25 F. Supp. 2d at 886. Plaintiffs here cannot make a strong showing that they will succeed on the merits given that this Court's ruling will be reviewed for an abuse of discretion, nor that any party would be irreparably injured by the continuation of the proceedings, nor that the public interest favors a stay. Accordingly, Plaintiffs have advanced no facts to overcome the presumption against stays of the proceedings and their request for a stay should be denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) should be denied.

289317v1

Respectfully submitted,

Zimmer, Inc. and Zimmer Holdings, Inc.,

By their attorneys,

Dated: September 30, 2004

Edgar B. Hatrick (BBO #647166)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA  02110
(617) 345-4600

Francis H. Morrison III (BBO #645515)
Deborah S. Russo (BBO #434610)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

Matthew S. Elvin (pro hac vice)
Dahm & Elvin LLP
9604 Coldwater Road, Suite 201
Fort Wayne, Indiana  46825
Telephone: (260) 497-6000
Facsimile: (260) 497-6019

289317v1

CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of September, 2004, a copy of the foregoing Defendant Zimmer's Response in Opposition to Plaintiffs' Motion for Reconsideration or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) was served on the following counsel of record by first-class mail, postage prepaid:

Wm. Gerald McElroy, Jr.
Paul T. Sullivan
Zelle, Hofmann, Voelbel, Mason & Gette LLP
950 Winter Street, Suite 1300
Waltham, Massachusetts 02451

Fred H. Pritzker
Peter H. Berge
Elliot L. Olsen
Pritzker Ruohonen & Associates, P.A.
33 South Sixth Street, Suite 4520
Minneapolis, Minnesota 55402-3792

James S. Reece
Chad A. Snyder
Elizabeth A. Maki
Zelle, Hofmann, Voelbel, Mason & Gette LLP
500 South Washington Avenue - Suite 4000
Minneapolis, Minnesota 55415

_____
Edgar B. Hatrick

289317v1